IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NATALIE MATHER and STEPHEN P. KELLY, <br><br> Plaintiffs, <br><br> vs. <br><br> McCLEAN & ASSOCIATES, a Montana law firm; DAVID M. McLEAN; ST. PETER'S HOSPITAL, INC., a Montana Corporation; WADE JOHNSON, in his official capacity; MICHELLE RUSH, in her official capacity; RHONDA HINRICCHS, in her official capacity; BRIAN ROBINSON, in his official capacity; and ADAM PLATE, in his official capacity, 3301 Great Northern Avenue, Suite 203, Missoula, Montana 59808, <br><br> Defendants, | CV 21-43-H-BMM-KLD <br><br> FINDINGS & RECOMMENDATION |

## I.   Background

On June 7, 2021, pro se Plaintiffs Natalie A. Mather and Stephen P. Kelly filed separate motions for leave to proceed in forma pauperis (Docs. 1 and 2) and

1

lodged a Complaint against the above-named Defendants. (Doc. 3). The Notice of Case Opening entered on June 7, 2021 advised Mather and Kelly that they must immediately inform the Clerk of Court of any change in address, and that failure to do so may result in dismissal of the case without notice. (Doc. 4, at 2). Kelly filed a notice of change of address on August 12, 2021 (Doc. 7) and another notice of change of address on August 30, 2021. (Doc. 8).

On September 16, 2021, the Court issued an order granting Mather's and Kelly's motions to proceed in forma pauperis. (Doc. 10). The Court also advised Mather and Kelly that the Complaint fails to state a claim for relief, and gave them the opportunity to file an Amended Complaint by September 30, 2021. (Doc. 10). The Court cautioned Mather and Kelly that failure to comply with the order or to file a notice of change of address might result in dismissal under Federal Rule of Civil Procedure 41(b). (Doc. 10, at 11). The Clerk of Court mailed a copy of the September 16, 2021 order to Mather and Kelly at their respective addresses of record. (Doc. 10). The mailing to Kelly was returned as undeliverable on October 4, 2021. (Doc. 11).

On October 8, 2021, the Court entered a show cause order, giving Mather and Kelly until October 22, 2021 to show cause why this matter should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

(Doc. 12). Again, the Court advised Mather and Kelly that they must advise the Court of any change of address, and that failure to do so could result in dismissal under Rule 41(b). (Doc. 12).

On October 12, 2021, Mather and Kelly filed a motion for an extension of time to file an amended complaint. (Doc. 13). Also on October 12, 2021, Kelly filed his third notice of change of address. (Doc. 14). On October 14, 2021, The Court granted Mather's and Kelly's motion for an extension of time, giving them 20 days to amend their complaint. (Doc. 15, at 2). Assuming that 20-day period began to run on the date of the Court's order, Mather and Kelly's amended complaint was due on November 3, 2021. As of the date of this Findings & Recommendation, however, no amended complaint has been filed. In addition, on November 8, 2021, the Court's mailing of the October 14, 2021 Order to Kelly was returned as undeliverable. (Doc. 16). Unlike Kelly, none of the Court's mailings to Mather has been returned the Court as undeliverable.

## II.  Discussion

Under Federal Rule of Civil Procedure 41(b), the Court has the authority to dismiss an action for failure to prosecute or to comply with a court order. *Fendler v. Westgate–California Corp.,* 527 F.2d 1168, 1170 (9th Cir.1975). Before dismissing an action as a sanction for failure to prosecute or failure to comply with

a court order, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir.2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992)).

Here, four of the five factors weigh in favor of dismissal. The first two factors – the public interest in expeditious resolution of litigation and a court's need to manage its docket – relate "to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). As outlined above, Mather and Kelly have filed an amended complaint and have not responded to the Court's show cause order. Their failure to do so has wasted "valuable time that [the Court] could have devoted to other … criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261. The first two factors thus weigh in favor of dismissal.

The third factor also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."

*Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir.1987). Because Defendants have not been served, they have not yet suffered any actual prejudice. However, given Mather's and Kelly's failure to file an amended complaint or respond to the Court's show cause order, this matter could linger indefinitely, thereby resulting in a heightened risk of prejudice to the Defendants. See *Yourisch v. California* Amplifier, 191 F.3d 983, 991 (9th Cir. 1999) (recognizing that "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting" and supports dismissal).

Finally, the Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981). Based on the record thus far, there is no reason to expect that Mather and Kelly will respond more satisfactorily if given additional opportunities to comply with the Court's orders and file an amended complaint. The Court is not required to exhaust all less drastic alternatives prior to dismissal. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Mather and Kelly will have an opportunity to file objections to this Findings and Recommendation, which may not technically be considered an "alternative" but will give them the opportunity to challenge the Court's rulings.

Having considered less drastic alternatives, the Court finds that this factor weighs in favor of dismissal.

Finally, the fifth factor addressing the public policy favoring disposition of cases on the merits by definition weighs against dismissal. *Pagtalunan,* 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). This factor is outweighed by the factors discussed above, however, all of which weigh in favor of dismissing this matter based on Mather's and Kelly's failure to comply with this Court's orders and prosecute their claims.

For the reasons outlined above, the Court enters the following:

## RECOMMENDATION

IT IS RECOMMENDED that:

1. Plaintiffs' Complaint (Doc. 2) be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders and all pending motions be terminated.

2. The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mather and Kelly may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 9th day of November, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge